Michael **SANDERS**, Plaintiff–Appellant,

v.

Diana **ENNIS–BULLOCK**; et al., Defendants–Appellees.

No. 07–15793.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.[*]

Filed March 4, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Sanders, Tucson, AZ, pro se.

Darrin J. Delange, Esq., for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Michael Sanders appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that the defendants violated his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and Title II of the Americans with Disabilities Act of 1990 ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir.2008), and we affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Sanders's RLUIPA claim because he failed to present a triable issue concerning whether the defendants had substantially burdened the exercise of his religion. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir.2005) (noting that it is the prisoner's initial burden to demonstrate a prima facie claim that the prison policies constitute a substantial burden on the exercise of his religious beliefs). Sanders's ability to listen to the religious service audiotapes in his possession and to receive additional tapes at his discretion demonstrates that the defendants did not substantially burden his religious practice. Because Sanders failed to satisfy the more

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

lenient standard of RLUIPA, his First Amendment claim must fail as well. *See Freeman v. Arpaio,* 125 F.3d 732, 736 (9th Cir.1997) (holding that plaintiff must show that defendants burdened the practice of his religion in a Free Exercise claim), *abrogated on other grounds as recognized by Shakur,* 514 F.3d at 884–85. Sanders's contention that the prison audiotape policy conflicts with Arizona Revised Statute § 31–228(A) is unpersuasive because that statute does not restrict a prison's ability to prohibit acceptance of inmate property into the prison system. *See Blum v. State of Arizona,* 171 Ariz. 201, 829 P.2d 1247, 1253 (1992).

■ The district court properly granted summary judgment on Sanders's ADA claim that prison officials refused to provide him with face-to-face notification of prison activities. Sanders failed to present a triable issue as to whether the officials were motivated solely by reason of his disability. *See Lee v. City of Los Angeles,* 250 F.3d 668, 691 (9th Cir.2001) (stating that the ADA prohibits discrimination, as well as exclusion from participating in or benefitting from a public program, activity, or service "solely by reason of disability").

The district court also properly resolved the first two parts of the three-part approach required by *United States v. Georgia,* 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006), with respect to Sanders's claim that the prison denied him his biaural headphones, but failed to address the third part. *See id.* at 159, 126 S.Ct. 877 (reversing and remanding for a determination of the validity of Congress's purported abrogation of sovereign immunity as to state conduct that violates Title II of the ADA but does not violate the Fourteenth Amendment). We remand for the

district court to make this determination in the first instance.

The remainder of Sanders's arguments on appeal are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**